The Honorable Gordon Webb, Prosecuting Attorney Fourteenth Judicial District P.O. Box 483 Harrison, AR 72602-0483
Dear Mr. Webb:
You have requested an Attorney General opinion concerning advertising by a bail bonding company.
You indicate that a complaint has been filed with the Marion County Sheriff's Department, alleging that a bail bonding company's billboard has been placed in close proximity to the Sheriff's Department. Although the sign is not located on the Sheriff's Department's property or on any other public property, it is positioned in such a way that only people driving to the Sheriff's Department will be able to view it.
In light of this situation, you have asked:
 Is it a violation of the regulations that govern bail bonding companies for a company to place an advertising billboard so that although it is not located on public property, it can only be viewed by people who are driving to the Sheriff's Department?
RESPONSE
Summary of Opinion
It is my opinion that the governing statutes and regulations do not explicitly answer this question. Moreover, the language of the applicable statute is somewhat ambiguous and could benefit from legislative clarification. Nevertheless, under the very narrow facts that you have presented, the language of this statute could be construed to prohibit such placement of a bail bonding company's advertisement, if as a factual matter prisoners are confined at the Sheriff's Department. I must note, however, that the placement of the advertisement is a substantially factual matter that I am not in a position to evaluate, and such an evaluation, if undertaken, could indicate variations in the actual facts, and could thus impact my conclusions regarding this matter.
Discussion
The statute that is applicable to this situation is A.C.A. § 17-19-105, which states in pertinent part:
 No professional bail bondsman or professional bail bond company, nor court, nor law enforcement officer nor any individual working on behalf of a professional bail bondsman or professional bail bond company, shall:
* * *
 (2) Solicit business or advertise for business in or about any place where prisoners are confined or in or about any court[.]
A.C.A. § 17-19-105(2) (emphasis added).
Neither the Arkansas Supreme Court nor the Arkansas Court of Appeals has interpreted this statute. Moreover, it is my understanding that the Arkansas Professional Bail Bondsman Licensing Board has not promulgated a rule or regulation addressing the placement of advertising, nor has it had occasion to address a situation involving this issue.
In the absence of judicial or administrative guidance, I must resort to a plain-meaning interpretation of the statute. A fundamental approach to statutory interpretation is to give the words of the statute their meaning in common usage. See, e.g., Worth v. City Of Rogers,341 Ark. 12, 14 S.W.3d 471 (2000). The common usage meaning of the word "about" can be derived from the dictionary definition. The Merriam-WebsterDictionary defines the word "about" to mean (among other things) "near to." In the situation as you have described it, the billboard in question could be deemed "near to" (i.e., "about") the Sheriff's Department. (I reiterate, however, that this is primarily a factual determination, and I do not have the authority to undertake a factual evaluation of the placement of the sign. The conclusions that I have stated are based solely on the facts as you have described them to me.)
If the Sheriff's Department houses prisoners, and if a bail bonding company's billboard has been placed so that it can only be read by persons driving to the Sheriff's Department, it is conceivable that the billboard could be construed to have been placed "in or about any place where prisoners are confined." A.C.A. § 17-19-105(2). It should be noted that the prohibition, as stated in the statute, is not limited to situations in which the advertisement is located on public property. It also applies to situations in which the advertisement is located in proximity to property where prisoners are housed.[1] In this regard, it should be noted that the prohibition will not apply to the situation about which you have inquired if prisoners are not housed at the Sheriff's Department.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] You have not asked about, and I do not address, the potential constitutional implications of this prohibition.